**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

SCOTT MILLER, an individual;
MICHAEL SPAULDING, an
individual,

   *Plaintiffs-Appellants*,

 v.

KSHAMA SAWANT, an individual,

   *Defendant-Appellee*,

 and

CITY OF SEATTLE, a municipal
corporation,

   *Defendant*.

</td>
<td>

No. 23-35197

D.C. No. 2:18-cv-
00506-MJP

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 6, 2024
Seattle, Washington

Filed August 22, 2024

Before:  William A. Fletcher, Carlos T. Bea, and John B.
Owens, Circuit Judges.

Opinion by Judge Bea

## SUMMARY[*]

### Expert Witness Deposition Expenses

The panel affirmed the district court's grant of defendant Kshama Sawant's motion for recovery of expert witness deposition expenses, including fees for time spent in preparation for deposition, in a 42 U.S.C. § 1983 action brought by two Seattle police officers alleging state law claims for defamation and outrage.

The panel held that the district court did not err when it granted Sawant's motion for recovery of expert witness deposition expenses.  The plain text of Federal Rule of Civil Procedure 26 allows for the recovery of reasonable expenses for the time an expert witness, whose opinions may be presented at trial, spends preparing for a deposition.  Plaintiffs' objection to the admissibility of the expert's opinions did not obviate their obligation to pay the expert a reasonable fee under Rule 26.  Joining the Fifth, Sixth, Seventh, and D.C. Circuits, the panel held that reasonable expert witness deposition preparation fees are recoverable under Rule 26.  Here, the expert witness

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

deposition preparation fees were reasonable, and their award did not result in manifest injustice.

In a concurrently filed memorandum disposition, the panel affirmed the district court's grant of Sawant's motion for summary judgment on the state law claims for defamation and outrage and the district court's taxation of costs.

## COUNSEL

Joseph Toups (argued), Daniel A. Brown, and Sumeer Singla, Williams Kastner, Seattle, Washington; Jessica Cox, Jackson Lewis PC, Seattle, Washington; for Plaintiff-Appellant.

Darin Dalmat (argued), Dmitri Iglitzin, and Alyssa Garcia, Barnard Iglitzin & Lavitt LLP, Seattle, Washington; James E. Lobsenz, Carney Badley Spellman PS, Seattle, Washington; for Defendant-Appellee.

## OPINION

BEA, Circuit Judge:

In February 2016, Plaintiffs-Appellants Scott Miller and Michael Spaulding, two Seattle Police officers, fatally shot Che Andre Taylor, a Black man, as they tried to arrest him. Four days after the shooting, Defendant-Appellee Kshama Sawant, then a member of the Seattle City Council, told a crowd of protestors in front of the Seattle Police Department Headquarters that Taylor's shooting was a "blatant murder at the hands of the police." Following an inquest into Taylor's killing, prosecutors declined to file criminal charges against Miller and Spaulding on the ground that there was insufficient evidence to prove that they killed Taylor with the requisite "malice" to be guilty of criminal homicide, as required by Washington law. Roughly three months after the inquest concluded, Sawant told a crowd of protestors that Taylor was "murdered by the police." Miller and Spaulding filed suit in federal court, seeking relief under 42 U.S.C. § 1983 and alleging state law claims for defamation and outrage (i.e., intentional infliction of emotional distress), as well as "federal defamation," against Sawant.[1] The district court dismissed the "federal defamation" claim when it granted Sawant's motion for partial judgment on the pleadings, but chose to exercise supplemental jurisdiction over the remaining state law defamation and outrage claims. The district court granted Sawant's motion for summary judgment as to the state law

---

[1] Miller and Spaulding have abandoned their federal claim for retaliation under the First Amendment. They also brought claims against the City of Seattle, but later voluntarily dismissed those claims. Thus, the City of Seattle is no longer a party.

defamation and outrage claims, and Miller and Spaulding appeal the district court's grant of that motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In a concurrently filed memorandum disposition, we affirm the district court's grant of Sawant's motion for summary judgment and the district court's taxation of costs.

In this opinion, we consider only whether the district court erred when it granted Sawant's motion for recovery of expert witness deposition expenses, which included fees for time spent in preparation for deposition. We conclude the district court did not err when it granted this motion because the plain text of Federal Rule of Civil Procedure 26 allows for the recovery of reasonable expenses for time an expert witness, whose opinions may be presented at trial, spends preparing for a deposition.

## I.

In December 2022, Miller and Spaulding deposed two witnesses who Sawant identified as experts in her initial disclosures. Sawant had retained the identified experts as potential defense witnesses. That same month, Sawant sent Miller and Spaulding the experts' invoices and requested payment for the fees her expert witnesses had incurred in responding to Miller and Spaulding's discovery, including time spent preparing for the deposition. Sawant sought payment of the fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), which provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for

discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

In January 2023, Sawant sent Miller and Spaulding a letter that requested reimbursement of the expert witness deposition fees she had paid. Miller and Spaulding did not respond to Sawant's letter or provide payment. After the district court granted summary judgment to Sawant in March 2023, Sawant sent Miller and Spaulding an email that again requested reimbursement of the fees. Despite Sawant's email, Miller and Spaulding failed to provide payment. Sawant covered the costs after Plaintiffs refused to pay, and filed a motion to compel payment.

As relevant here, the expert witness deposition fees Sawant sought included compensation for time the witnesses had spent preparing for their depositions. Specifically, Sawant sought $1,367.50 for Professor Gregory Gilbertson's expert witness deposition fees (2.5 hours of deposition preparation at $250.00 per hour and 1.5 hours of deposition testimony at $495.00 per hour), and $1,770.00 for Lisa Daugaard's expert witness deposition fees (5.9 hours of deposition preparation, deposition attendance, and transcript review and correction at $300.00 per hour).

In June 2023, the district court granted Sawant's motion, noting there is no clear guidance from the Ninth Circuit regarding whether the reimbursement of preparation time is permitted under Rule 26, but concluding that Sawant's request was reasonable, that awarding the fees "falls squarely within the ambit of Rule 26(b)(4)(E)," and that no manifest injustice would result from awarding the fees.

## II.

Though we "typically review a district court's discovery rulings for abuse of discretion," "[w]here the question is not whether the district court properly exercised its discretion under a federal rule, but rather turns on the legal issue of whether the court properly interpreted the rule's requirements, we review that question de novo." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014).

A district court's factual determinations underlying an evidentiary ruling are reviewed for clear error. *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022).

## III.

### A.

Miller and Spaulding argue that the district court erred when it granted Sawant's motion for Daugaard's expert witness deposition expenses without first assessing whether she qualified as an expert under the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Miller and Spaulding charge the district court with "offer[ing] no analysis" of Daugaard's expertise and further aver that Sawant is not entitled to fees unless Daugaard qualified as an expert. We disagree.

First, we note that, in opposition to Sawant's motion for summary judgment, Plaintiffs challenged Daugaard's expertise—but the district court declined to decide whether Daugaard is an expert because the district court did not rely on Daugaard's opinions in its summary judgment ruling. Hence, there was never any finding by the district court that Daugaard is not an expert. To the contrary, when the district court granted Sawant's motion for expert witness deposition expenses, the district court expressly found that, given

"Daugaard's qualifications and the nature of her opinions, . . . *she was employed in this action in the role of an expert* and . . . her time spent is recoverable." Miller and Spaulding ignore this factual determination by the district court and identify no reasons why the district court clearly erred in making it. *See Elosu*, 26 F.4th at 1023.

In any event, Miller and Spaulding's argument that Daugaard's deposition expenses are unrecoverable because her testimony would have been excluded under Federal Rule of Evidence 702 and *Daubert* is at odds with the plain text of Rule 26, which provides that a district court "must require" that a deposing party pay "a reasonable fee for time spent in responding to discovery" by "an expert whose opinions *may be presented at trial*." Fed. R. Civ. P. 26(b)(4)(A), (E) (emphasis added). Thus, Miller and Spaulding's objection to the admissibility of Daugaard's opinions does not obviate their obligation to pay Daugaard a reasonable fee under Rule 26. We agree with the Seventh Circuit's conclusion that "[t]he clear import of Rule 26 is that the district court generally must order a party to pay for the cost of deposing its adversary's expert *regardless of whether the expert's opinion ultimately is presented at trial*." *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 884 (7th Cir. 2020) ("Crabtree also misses the mark in contending that the district court had to rule on his *Daubert* motion to exclude Experian's expert testimony before considering Experian's application for costs under Rule 26(b)(4)(E). . . . Had the claim gone to trial, Experian's

expert may have testified and the award of fees was therefore appropriate.").[2]

## B.

Miller and Spaulding also argue the district court erred when it granted Sawant's motion for expert witness deposition fees for Gilbertson's and Daugaard's time spent preparing for their depositions.  That is, Miller and Spaulding maintain that Rule 26(b)(4)(E) permits expert fees only for time spent *during* a deposition, and not for time spent *preparing* for a deposition.

This circuit has not yet addressed the question whether expert witness deposition fees for preparation of testimony are recoverable under Rule 26(b)(4)(E).  However, as the Sixth Circuit recently noted, "all of the circuit courts to have considered this question have held that experts may seek compensation for deposition preparation."  *Phillips v. Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021) (first citing *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (holding district court did not abuse discretion in awarding expert witness deposition preparation fees), then citing *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007) (same), and then citing *Haarhuis v. Kunnan Enters., Ltd.*, 177 F.3d 1007, 1015 (D.C. Cir. 1999) (same)).

In our circuit, though most district courts have held that preparation fees *are* recoverable under Rule 26, some district courts have reached the opposite conclusion.  *Compare Daniel v. Coleman Co., Inc.*, No. 06-5706 KLS, 2008 WL 501112, at *1 (W.D. Wash. Feb. 19, 2008) (granting motion

---

[2] We do not decide, however, whether a party may still recover fees under Rule 26(b)(4)(E) if his expert has already been precluded from testifying under *Daubert*.

to compel payment of expert witness deposition fees that included "Preparation Time"), *and Torvik v. Ins. Co. of the State of Pennsylvania*, No. C09-886RAJ, 2011 WL 13100743, at \*3 (W.D. Wash. Feb. 14, 2011) (holding expert witness deposition preparation fee "reasonable" under Rule 26), *and O'Neal v. Century Ins. Co.*, No. 13-00058 ACK-RLP, 2015 WL 12697660, at \*2 (D. Haw. Aug. 31, 2015) (same), *with 3M Co. v. Kanbar*, No. C06-01225 JW (HRL), 2007 WL 2972921, at \*3 (N.D. Cal. Oct. 10, 2007) (denying motion to recover preparation time where there was no "controlling Ninth Circuit authority on this point," the case was not "especially complex," and "no extenuating circumstances" "require[d] additional preparation time"), *and Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 635–37 (C.D. Cal. 2011) (holding deposing party not required to pay for expert witness deposition preparation fees).

We join the Fifth, Sixth, Seventh, and D.C. Circuits in holding that reasonable expert witness deposition preparation fees are recoverable under Rule 26. Miller and Spaulding's suggestion that such fees are *never* recoverable cannot be squared with Rule 26's plain text, which requires the "party seeking discovery" to "pay the expert a reasonable fee *for time spent in responding to discovery* under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added); *see also Phillips*, 14 F.4th at 543 ("This text is not limited to an expert's time in the deposition; it covers the expert's 'time spent in responding to discovery.' The time spent preparing for a deposition falls within this language.").

Miller and Spaulding raise several policy concerns based on "costs and incentives" and "the potential for abuse" if deposition preparation fees are recoverable. But the policy concerns they raise are addressed by Rule 26's existing

textual limitations on recoverable fees: namely, that fees must be "reasonable," and their award must not result in "manifest injustice." Fed. R. Civ. P. 26(b)(4)(E).

Here, the expert witness deposition preparation fees that were awarded to Sawant were reasonable and their award did not result in manifest injustice. Gilbertson spent only 2.5 hours preparing and Daugaard only 2.2 hours, and Miller and Spaulding do not contest the fairness of Gilbertson's and Daugaard's hourly rates.

## IV.

For these reasons, we conclude that the district court did not err when it granted Sawant's motion for recovery of her expert witnesses' deposition fees.

**AFFIRMED.**